UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DAVID MANN,** ) | Case No. 1:06-CV-17288 |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **LINCOLN ELECTRIC CO., et al.,** ) | |
| ) | **Judge David D. Dowd** |
| **Defendants** ) | |
| ) | |
| ) | **MEMORANDUM & ORDER** |
| ) | |

The Court ruled on a number of pretrial motions during a hearing on April 27, 2010, and also provided clarification during a hearing on April 28, 2008. For the reasons and to the extent stated on the record, the Court ruled as follows:

Dkt. 117 Plaintiff's motion for reconsideration regarding Casey's testimony and exhibits is **granted**, and the exhibits and testimony will be excluded pursuant to Rule 403.

Dkt. 55 Omnibus Motion to Exclude Various Evidence, subparts listed below:

 1. <u>References to Mann's children's medical conditions</u> – **granted**, the evidence is excluded pursuant to Rule 403.

 2. <u>Reference to Mann's Father's Parkinson's Disease</u> – **granted**, the evidence is excluded pursuant to Rule 403.

 4. <u>Reference to Mann's divorce decree provisions</u> – **denied**, the evidence is admissible pursuant to Rule 403; however, the evidence of Mann's bankruptcy is not admissible.

    5.    <u>Reference to Alternative Sources of Manganese Exposure</u> – **granted**, but defendants may offer proof that manganese is a naturally occurring substance, with trace amounts present in food and so on; further, defendants may not refer to proximity of manganese mines to Mann's home.

Dkt. 60    Motion to Strike Designation of Kahane as Untimely is **denied,** and

Dkt. 101    Motion for Reconsideration – Designation of David Kahane is **denied**. The Court concludes Mr. Kahane is a core expert, as reflected by defendants' own designations in the *Cooley* case, and his designation in this case was not untimely or unfairly prejudicial.

In addition, the Court now rules on these subsequently-filed pretrial motions:

Dkt. 119    Defendants' motion for reconsideration regarding children's diagnoses is **denied**.

Dkt. 120    Defendants' motion for reconsideration regarding father's Parkinson's disease – the Court will hear argument following voir dire.

Dkt. 129    Plaintiffs' Motion for to Bar Defendants from Introducing Testimony of Ronald Schaible is granted, for the reasons stated below.

With this motion, plaintiffs raise the question of whether defendants may adduce or refer to the testimony of Ronald Schaible. Schaible is an industrial hygienist whom plaintiffs designated as an expert; after Schaible was deposed, however, plaintiffs decided not to call him as a witness. Defendants assert they should be allowed to introduce and refer to certain statements made by Schaible, as admissions of a party-opponent, and defendants' experts should be allowed, when forming their opinions, to rely on Schaible's statements and opinions.[1]

The Court disagrees. The reasoning of the Court on this question was explained in full by another court, as follows:

> Courts are divided with respect to whether it is appropriate to treat expert deposition testimony – and specifically deposition testimony of a withdrawn expert – as

---

[1] The critical opinion of Schaible to which defendants wish to refer is that Mann was exposed above OSHA's PEL while working at Trail King; defendants contend this opinion supports their position that any overexposure Mann suffered was the fault of Trail King. Schaible's opinion, in turn, was based on Mann's description of his working conditions. The defendants may, of course, refer to Mann's descriptions, but they may not refer to Schaible's opinions.

an "admission of a party-opponent" under Rule 801(d)(2)(C) of the Federal Rules of Evidence and therefore as an exception to the hearsay rules. The Court finds persuasive the analysis of Chief Judge Smith in *Glendale Federal Bank, FSB v. United States*, who took a compromise position and held that whether the deposition testimony of a withdrawn expert is hearsay depends on the timing of the withdrawal. *Glendale Federal Bank, FSB v. United States*, 39 Fed. Cl. 422, 425 (Ct. Cl. 1997).

> The beginning of trial is a critical juncture. By the beginning of trial it is fair to tie the party to the statements of its experts. When admitting expert deposition testimony under FRE 801(d)(2)(C) we need not find that these experts are obligated to do the sponsoring party's bidding. We merely note that they were selected as witnesses and retained through the start of the trial because the opinions they held all along, and still hold as the trial begins, are consistent with those of the sponsoring party. We are not retroactively finding agency or control at the time of a prior deposition. Rather, an expert witness who is listed as such when the trial begins has been authorized and his or her prior statements are fair game.

*Id.* Chief Judge Smith thus concluded:

> When an expert is put forward as a testifying expert at the beginning of trial, the prior deposition testimony of that expert in the same case is an admission against the party that retained him. Where an expert witness is withdrawn prior to trial, however, the prior deposition testimony of that witness may not be used. That deposition testimony is hearsay.

*Glendale Federal Bank, FSB v. United States*, 39 Fed. Cl. 422, 425 (Ct. Cl. 1997). The Court is persuaded by and adopts the analysis suggested by Chief Judge Smith.

*Minebea Co., Ltd. v. Papst*, 2005 WL 6271045 at *1 (D. D.C. Aug. 2, 2005). This Court has read the cases cited by the parties, which reflect the split of authority mentioned above. Ultimately this Court is also persuaded by Chief Judge Smith's analysis. Accordingly, defendants may not seek to introduce or refer to the testimony of Schaible.

**IT IS SO ORDERED.**

/s/ David D. Dowd
**DAVID D. DOWD**
**UNITED STATES DISTRICT JUDGE**

**DATED**: May 5, 2010