**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID MANN,** | ) | Case No. 1:06-CV-17288 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LINCOLN ELECTRIC CO.,** | ) | |
| | ) | **Judge David D. Dowd** |
| **Defendant** | ) | |
| | ) | |
| | ) | **MEMORANDUM & ORDER** |
| | ) | |

After a jury in this case rendered a verdict for defendant Lincoln Electric Company, the Court granted plaintiff David Mann's motion for new trial. *See* docket no. 196 ("*New Trial Order*"). The Court stated the reason for its decision to grant a new trial as follows:

> During trial, this Court made its best prediction of what the South Dakota Supreme Court would do if confronted with the question of whether to recognize the learned intermediary defense in the context of this case. The Court predicted South Dakota would recognize the defense and instructed accordingly. The Court now believes this conclusion was in error. It is not the case that the majority of States have recognized the learned intermediary defense in the context of employer/employee relations, and other South Dakota Pattern Jury Instructions suggest South Dakota would not recognize it either. It is clear the Court's decision to instruct on the learned intermediary defense was prejudicial to Mr. Mann, as it relieved Lincoln of liability even though the jury found in favor of Mr. Mann on his negligence claim.
> * * *
> Accordingly, the Court grants Mr. Mann's motion for new trial on all issues.

*New Trial Order* at 15.

Thereafter, defendants filed a motion (docket no. 197) asking the Court to either: (a) certify to the

Supreme Court of South Dakota the question of whether it would recognize the learned intermediary defense in the context of this case;[1] or (b) certify its *New Trial Order* for interlocutory appeal, under 28 U.S.C. §1292(b). For the reasons stated below, this motion is **DENIED**.

As Mr. Mann notes, in this motion for new trial he argued that, as an alternative to immediately granting his motion, the Court could instead "certify the question to the South Dakota Supreme Court and stay consideration of [the] Motion while that matter is under advisement." Memo. at 27. Lincoln responded by arguing that certification of the question was inappropriate, contending that "federal courts can and should decide matters of state law on their own where there is a sufficient basis to determine how the state supreme court would likely resolve the issue." Response at 36. Lincoln further asserted that "[f]ederal courts often refuse requests to certify questions of law where those requests are not made until after the legal issue has been decided against the moving party." *Id.* On both points, Lincoln was and remains correct.

During trial, the Court and the parties discussed whether the learned intermediary defense should be included in the jury instructions. This discussion occurred at the very end of the trial, the parties had not briefed the matter, and the Court and the parties conducted only very limited research and analysis. The Court found itself in "speculation mode" and ultimately concluded "that the learned intermediary defense was an increasingly accepted doctrine and South Dakota would likely recognize it, but only as a defense to a claim of negligence, not strict liability." *New Trial Order* at 3, 4-5. In contrast, after Mr. Mann filed his new trial motion, the parties submitted about 100 pages of briefing and cited dozens of

---

[1] Lincoln actually asked that the Court "certify the *sophisticated user question* to the Supreme Court of South Dakota." Motion at 1 (emphasis added). As this Court explained at length, the question that arose during trial was whether the learned intermediary defense applied, not the sophisticated user defense. *New Trial Order* at 3 n.1 & 7-8.

2

cases; further, unlike during trial, the Court had time for thorough review of all of these materials, allowing it to deliberate carefully before reaching the fairly rare conclusion that an error so substantial had been made that a new trial was required.

As Lincoln noted initially in response to Mann's new trial motion, it is generally not appropriate for a district court to certify a question to a State Supreme Court after having fully considered and ruled upon the matter. *See Union Planters Bank, N.A. v. Continental Cas. Co.*, 478 F.3d 759, 767 (6th Cir. 2007) (declining to certify a question to a State Supreme Court because the plaintiff "did not raise the issue of certification until the federal district court had ruled against it on this point"); *Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1331 (10th Cir. 1994) ("[w]e generally will not certify questions to a state supreme court when the requesting party seeks certification only after having received an adverse decision from the district court"); *Patel v. United Fire & Cas. Co.*, 80 F. Supp.2d 948, 955 (N.D. Ind. 2000) ("Certification is disfavored where the court has previously decided the issue or has already tried the case."). Lincoln is correct that the South Dakota Supreme Court has not spoken directly on the question of whether the learned intermediary defense applies in the circumstances of this case, but Lincoln is also correct that, "[o]nce a question is submitted for decision in the district court, the parties should be bound by the outcome unless other grounds for reversal are present. Only in limited circumstances should certification be granted after a case has been decided." Lincoln brief in opp. to new trial at 37 (quoting *Perkins v. Clark Equip. Co.*, 823 F.2d 207, 210 (8th Cir. 1987)).

The Court agreed earlier with Lincoln, and still agrees with Lincoln, that the certification process should be used sparingly. This Court invested substantial judicial resources to reach its conclusion regarding the extent to which South Dakota would recognize the learned intermediary defense. Accordingly, the Court will not now certify this question to the South Dakota Supreme Court.

Further, the Court also finds not well-taken Lincoln's suggestion that the Court should certify its *New Trial Order* for interlocutory review under 28 U.S.C. §1292(b). In *Winston v. Roe*, 246 F. Supp. 246 (E.D. Tenn. 1965), another district court found itself in similar circumstances, and concluded as follows:

> This does not appear to be a proper situation in which to grant a discretionary interlocutory appeal under 28 U.S.C. §1292(b). The purpose of that section is to expedite litigation pending in the district courts in consideration of the time and expenses of the parties where there is a controlling question of law.
> Here, there was a finding by the jury for the defendant. The Court has now decided that the submission of the factual issues to the jury was on the basis of . . . erroneous instructions. There is no foreseeing what the verdict of the jury would have been had . . . the proper instructions [been] given.
> It is conceivable that a properly-instructed jury . . . might also find for the defendant. Until this is determined, this Court is of the opinion that the proper course to be followed with the action in its present posture is to retry the issues on lawful evidence with proper instructions.

*Id.* at 250. *See also Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33 (1980) (holding that interlocutory review of motions for new trial are disfavored). This Court agrees with the *Winston* analysis, and notes further that this process may actually lead to a final result, including appellate review, faster than would Lincoln's proposed procedure.

Finally, the undersigned repeats an observation it first made in the *New Trial Order* for the benefit of Judge O'Malley, who is presiding over the MDL: since all pretrial matters in this case are concluded, it may be appropriate to remand the case to the original transferor court, pursuant to 28 U.S.C. §1407.

**IT IS SO ORDERED.**

**DATED**: March 2, 2011  /s/ David D. Dowd
**DAVID D. DOWD**
**UNITED STATES DISTRICT JUDGE**