06cv17288f-ord(Venue-NewTrial).wpd

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID MANN,** | ) | Case No. 1:06-CV-17288 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **LINCOLN ELECTRIC CO.,** | ) | |
| | ) | **Judge Kathleen O'Malley** |
| Defendant | ) | |
| | ) | |
| | ) | **MEMORANDUM & ORDER** |
| | ) | |

For the reasons stated below, plaintiff's motion for transfer of venue is **GRANTED in part**. Specifically, by separate document, the Court will suggest to the MDL Panel that remand of this case to the transferor court, the United States District Court for the District of Minnesota, is appropriate.

**I.     Procedural Background.**

Plaintiff David Mann, who is a resident of South Dakota, filed this case in the United States District Court for the District of Minnesota. Pursuant to 28 U.S.C. §1407, Mann's case was then transferred to the Northern District of Ohio, as related to the multidistrict litigation known as *In re: Welding Fumes Prods. Liab. Litig.,* MDL No. 1535, case no. 03-CV-17000. After this transfer, the parties and the MDL Court chose Mann's lawsuit as one of the MDL bellwether cases. The parties agreed orally

that Mann would waive any objection to improper venue and his case would be tried in the Northern District of Ohio.[1]

The undersigned, who presides over the MDL, subsequently inquired whether other Judges sitting in the Northern District of Ohio could provide assistance by presiding over one of the several bellwether trials that were scheduled for 2010. The Honorable David D. Dowd graciously agreed to preside over the trial of Mann's case. Before trial, Judge Dowd required that the oral agreement by Mann to waive any objection to improper venue be committed to writing.[2] Trial began on May 7, 2010 and ended on May 27, 2010 with a defense verdict. Mann filed a motion for new trial, arguing "the Court's instruction to the jury on the sophisticated user defense was erroneous." *Mann v. Lincoln Elec. Co.*, 2010 WL 4117417 at *3 (N.D. Ohio Oct. 15, 2010). Judge Dowd found this argument well-taken and granted Mann's motion for new trial. In the first paragraph of his opinion, Judge Dowd also wrote: "this Court suggests to Judge O'Malley that, since all pretrial matters in this case are concluded, it may be appropriate to remand the case to the original transferor court, pursuant to 28 U.S.C. §1407." *Id.* at 1.

After Judge Dowd granted the motion for new trial, defendant Lincoln Electric Company filed a motion asking the Court to "certify to the Supreme Court of South Dakota the question whether South Dakota law does in fact recognize the [sophisticated user] defense and whether it would apply to the facts of this case. Alternatively, Lincoln respectfully requests that the Court certify its order granting a new trial for interlocutory appeal under 28 U.S.C. § 1292(b)." Motion at 1 (docket no. 197). Judge Dowd denied

---

[1] *See Solis v. Lincoln Elec. Co.,* 2006 WL 266530 at *5 (N.D. Ohio Feb. 1, 2006) ("as to those plaintiffs designated for treatment as a bellwether case [in *In re: Welding Fumes*], they agreed to waive any venue-based objection to this Court's trial of those cases").

[2] *See* docket no. 43 (Mann's declaration stating he "consent[s] to trial of my welding fume products liability case in United States District Court, the Northern District of Ohio, Eastern Division").

both aspects of this motion. *See* docket no. 201. Further, he "repeat[ed] an observation [that he] first made in the *New Trial Order* for the benefit of Judge O'Malley, who is presiding over the MDL: since all pretrial matters in this case are concluded, it may be appropriate to remand the case to the original transferor court, pursuant to 28 U.S.C. §1407." *Id.* at 4.

During a later MDL status conference, the undersigned addressed the issue raised by Judge Dowd – that is, where retrial of the *Mann* case should occur. The parties could not agree, so the Court directed submission of briefs on the matter. *See* master docket no. 2549 at 2. In response, Mann moved for transfer of his case back to the federal court where he originally filed his complaint, in the District of Minnesota. Lincoln responded that the case should be tried again here in the Northern District of Ohio, or else transferred to the District of South Dakota, where Mann resides. For the reasons below, the Court concludes Mann's position is strongest.

**II.     Analysis.**

The parties' briefs raise three possibilities for venue of a re-trial: Ohio, Minnesota, or South Dakota. The Supreme Court, however, has made clear that transfer by *this* Court to South Dakota is not a viable option.[3]

The *Mann* case was originally transferred to this MDL court pursuant to 28 U.S.C. §1407(a). This statute provides that, "[w]hen civil actions involving one or more common questions of fact are pending in different districts," the Judicial Panel on Multidistrict Litigation may transfer all such actions "to any district for coordinated or consolidated pretrial proceedings." The statute goes on to direct that "[e]ach

---

[3] As explained below, the *transferor* court may, after remand, transfer the case to South Dakota; *see* footnote 6.

action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." As this Court observed in another *Welding Fume* case: "Put simply, the statute charges MDL courts with getting cases trial-ready, and then remanding them to the originating, transferor courts for trial." *Solis v. Lincoln Elec. Co.,* 2006 WL 266530 at *3 (N.D. Ohio Feb. 1, 2006). Accordingly, the MDL Panel is normally required to remand Mann's case to the District of Minnesota for trial, once pretrial proceedings are concluded.

Courts have held, however, that §1407(a) is not a *jurisdictional* limitation, but simply "a venue statute that . . . limits the authority of courts (and special panels) to override a plaintiff's choice." *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 42 (1998). This qualifier is critical because "venue is personal and waivable." *Catz v. Chalker*, 142 F.3d 279, 284-85 (6th Cir.1998), *amended*, 243 F.3d 234 (6th Cir.2001). Thus, a plaintiff may decide not to raise an otherwise-valid objection to venue and "consent to remain in the transferee district for trial." *Manual for Complex Litig. Fourth* §21.132 at 224. This is what Mann did; he was entitled to insist upon remand to the transferor court pursuant to §1407(a), but instead he waived this right and agreed to trial in the MDL transferee court, in the Northern District of Ohio.

As Lincoln recognizes, the mechanism this Court would have to use to transfer this case to the District of South Dakota is 28 U.S.C. §1404(a). This statute states that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Lincoln asserts that, having obtained jurisdiction over Mann's case pursuant to §1407 transfer, and in light of Mann's waiver of his §1407(a) right to remand of his case back to Minnesota, this Court has full jurisdiction over Mann's case and may transfer it pursuant

4

to §1404.

The Court concludes, however, that when the district court is an MDL transferee court, a §1404 transfer is completely unavailable due to the interplay of §1404 and §1407, and Mann's agreement to try his case in the Northern District of Ohio does not change this result. The Supreme court examined this interplay in *Lexecon,* after the MDL transferee court used §1404 to transfer the case to itself – thereby avoiding the requirement that each case transferred to an MDL court pursuant to §1407 be "remanded . . . to the district from which it was transferred." The *Lexecon* court concluded that "the straightforward language [in §1407] imposing the [MDL] Panel's responsibility to remand . . . bars recognizing any self-assignment power in a transferee court [pursuant to §1404]." *Lexecon*, 523 U.S. at 40. The Supreme Court held that the directive contained in §1407 to remand the case back to the transferor court is an "unconditional command" that "normally creates an obligation impervious to judicial discretion." *Id.* at 35-36.

Lincoln contends that *Lexecon* is not applicable here, for two reasons. First, this Court would not be using §1404(a) to transfer Mann's case to *itself*, as occurred in *Lexecon*; rather, it would be transferring the case to the District of South Dakota. And second, when Mann earlier consented to trial in the Northern District of Ohio, he effectively consented to self-assignment by the Court pursuant to §1404(a), and this consent now allows the Court to use §1404(a) again to transfer Mann's case anywhere else the statute permits.

The Court finds neither of these arguments persuasive. The *Lexecon* court found that "the statutory language of §1407 precludes a transferee court from granting *any* §1404(a) motion." *Lexecon*, 523 U.S. at 41 n.4 (emphasis added). This plain statement includes a §1404(a) motion seeking not only self-transfer from an MDL court to itself, but also to any other court. Further, Mann's consent to trial in the Northern

5

District of Ohio was *not* a consent to "self-assignment" under §1404, it was a waiver of his right to remand for trial under §1407. Mann's choice under §1407 was to return to Minnesota for trial, or remain where he was in Ohio, and he chose the latter; §1404, and its analysis of "convenience of parties and witnesses," was never implicated. Mann's §1407 waiver did not free the Court to invoke §1404 the next day, or at any later time.

In sum, *Lexecon* holds that, even if this Court wanted to, it cannot use §1404(a) to transfer Mann's case to South Dakota – or to itself, or anywhere else. Accordingly, the Court must deny Lincoln's request.

This leaves retrial venue options of Minnesota, which Mann wants, or Ohio, which Lincoln wants in the alternative. Mann relies on both §1407 and §1404 to support his argument that his case should be transferred to Minnesota. For the reasons already stated, §1404 provides no such authority.[4] This leaves the question of whether remand to Minnesota is appropriate pursuant to §1407.

The parties' positions on this question are straightforward. Mann asserts that, if this Court "finds

---

[4] In an argument similar to the one made by Lincoln, Mann asserts that, by virtue of his earlier waiver of his right to a §1407 remand, "this Court is no longer acting in its capacity solely as an MDL court, but as the trial court as well;" accordingly, the Court can rely on §1404(a) and should conclude Minnesota would be the trial venue most convenient for the parties and witnesses, and in the best interests of justice. As noted, the *Lexecon* court dismissed a similar argument. *See Lexecon*, 536 U.S. at 37 (rejecting the argument that "the [§1407] imperative to remand is . . . inapplicable to cases self-assigned under §1404, because the self-assignment 'terminates' the case insofar as its venue depends on § 1407"). That this Court became the *trial court* by virtue of Mann's waiver of objection to improper venue did not eviscerate its separate "impervious obligations" as *MDL Court* under *Lexecon*.

Further, both Mann and Lincoln rely on this Court's earlier ruling in *Solis*, 2006 WL 266530, to support the argument that this Court may rely on §1404. But in *Solis*, this Court simply said that a plaintiff may waive his right to remand under §1407; the Court discussed *Lexecon* at length and made *no* suggestion that, once Solis waived his right to remand and elected to try his case before the MDL Court, the MDL Court then acquired the power to invoke §1404. Neither Solis nor Mann waived objections to venue other than the right to a §1407 remand from the MDL Court to the transferor court, and *Lexecon* trumps any argument that this Court may rely on §1404 (with the possible exception of unanimous stipulation by all parties to another particular venue).

6

it does not have authority to transfer [this] case to the District of Minnesota pursuant to 28 U.S.C. §1404(a)," then the Court is obligated to "enter a suggestion of remand pursuant to 28 U.S.C. §1407." Motion (docket no. 203) at 12. Lincoln responds that Mann waived his right to a §1407 remand when he proceeded to trial in front of Judge Dowd, and this waiver makes Mann's current motion for §1407 remand for retrial "unnecessary and inappropriate." Response brief (docket no. 205) at 16. Essentially, Lincoln argues Mann's earlier waiver of a right to §1407 remand should remain binding.

The primary focus of both parties' briefs was on §1404(a) and the factors a Court must weigh when assessing the propriety of transfer to another Court for the convenience of the parties and witnesses. The parties spent much less time arguing §1407, and cited no case law related to the question of the continuing viability of a waiver of objection to improper venue.[5] Ultimately, the Court is left to weigh the following factors:

- Mann originally waived his right to §1407 remand and had his case tried in Ohio; however, he now wishes that any re-trial occur in Minnesota, where he originally filed his case.

- The Ohio trial judge, who insisted Mann submit a written waiver of objection to improper venue, has twice suggested to the undersigned that the MDL Court should now discount this waiver, adhere to §1407(a), and suggest remand of Mann's case to Minnesota.

- Although a plaintiff may decide not to raise an otherwise-valid objection to venue and consent to remain in the transferee district for trial, Congress has stated a clear preference in §1407 that cases normally return to the transferor court for trial.

---

[5] The Court's own research uncovered no useful case-law on this point.

- If this Court were to remand the case to Minnesota, the original transferor court could then weigh Lincoln's argument that a §1404(a) transfer to South Dakota is appropriate – an argument this Court is not allowed to weigh, pursuant to *Lexecon*.[6]

- The undersigned has already presided over trial of several *Welding Fume* bellwether trials; the parties are more likely to learn new information regarding the strength and value of *Welding Fume* cases by trying them in front of new judges and obtaining verdicts from juries in other jurisdictions.

- Were the Court to incorporate consideration of the §1404(a) factors into this inquiry, it finds the most salient circumstance in this case is Mann's declining health and the greater burden a retrial in Ohio would place upon him, as opposed to Minnesota or South Dakota.

The Court believes it reasonably could conclude Mann's earlier waiver of objection to improper venue was binding not only as to his trial in front of Judge Dowd, but for all other purposes, including retrial in the Northern District of Ohio. The MDL Court exercises its discretion and finds, however, that the above-listed factors all weigh in favor of remanding Mann's case back to where he originally filed it, and Mann's waiver should not be overriding.

There surely will be other *Welding Fume* bellwether cases tried in the Northern District of Ohio (including the *Street* case, scheduled for trial in November of this year). There is no overwhelming reason why *Mann* must be one of them, and there are good reasons why retrial of the *Mann* case should occur in another jurisdiction. Accordingly, the Court will file with the MDL Panel a suggestion of remand to the transferor court, pursuant to §1407. Whether retrial finally occurs in Minnesota, or instead some other

---

[6] It is clear that the originating, transferor court may grant a motion to transfer venue, pursuant to §1404(a), after the transferee court has remanded the case to the originating court, pursuant to §1407(a); but the transferee court may not skip a step and grant a §1404(a) transfer itself. *See Solis*, 2006 WL 266530 at *3 n.13; *Lexecon*, 523 U.S. at 39 ("[O]n any view of § 1407(a), if an order may be made under §1404(a), it may be made after remand of the case to the originating district court. The relevant question for our purposes is whether a transferee court, and not a transferor court, may grant such a motion.") (footnote omitted).

It is worth noting that courts in the District of Minnesota have entered orders sua sponte to show cause why cases filed by foreign plaintiffs should remain in Minnesota – essentially demanding the parties undertake a §1404(a) analysis, even without any motion by a defendant.

jurisdiction following a subsequent §1404(a) transfer, is a question for the transferor court.

**IT IS SO ORDERED.**

/s/ Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED**: July 28, 2011